Kevin T. Snider, State Bar No. 170988
*Counsel of record*
Michael J. Peffer, State Bar. No. 192265
Matthew B. McReynolds, State Bar No. 234797
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel.  (916) 857-6900
Fax  (916) 857-6902
Email: ksnider@pji.org

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| A WOMAN'S FRIEND PREGNANCY RESOURCE CLINIC, CRISIS PREGNANCY CENTER OF NORTHERN CALIFORNIA, ALTERNATIVES WOMEN'S CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA HARRIS, Attorney General of the State of California, In Her Official Capacity,<br><br>Defendant. | Case No.:  2:15−CV−02122−KJM−AC<br><br>**PLAINTIFF'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Date:      December 18, 2015<br>Time:     10:00a.m<br>Ctrm:     3<br>Judge:    Hon. Kimberly J. Mueller |

Plaintiffs' [Proposed] Findings Of Fact & Conclusions Of Law

1

## FINDINGS OF FACTS

1.     Plaintiffs are: A WOMAN'S FRIEND PREGNANCY RESOURCE CLINIC, CRISIS PREGNANCY CENTER OF NORTHERN CALIFORNIA, ALTERNATIVES WOMEN'S CENTER.  Amended Verified Complaint "AVC" ¶¶ 9-11.

2.     All Plaintiffs are religious nonprofit corporations.  AVC ¶¶ 9-11, 24, 31, 38.

3.     All Plaintiffs offer, and will continue to offer pro-life services, pregnancy-related medical consultations and testing, ultrasounds, medical referrals, education about sexually transmitted diseases, prenatal education, nutrition information, fetal development education, Bible-based post abortion emotional and spiritual healing and recovery courses, and other practical support related to pregnancy. AVC ¶¶ 9, 10, 11, 23, 30, 37.

4.     Plaintiffs do not provide abortion services, abortion referrals, or information directing women to abortion providers, do not counsel girls and women to obtain abortions, but rather encourage girls and women to consider options to abortion, as well as, risks and consequences of an abortion. AVC ¶¶ 9-11, 24, 31, 38.

5.     The basis for Plaintiffs' position relative to abortion is based upon their religious beliefs and moral convictions. AVC ¶¶ 25, 32, 39, 49.

6.     Each Plaintiff-organization has an explicit statement of faith. Dodds decl., ¶4; Gibbs decl., ¶7; DeArmas decl., ¶3.

7.     The teachings of the Bible are the basis and foundation for Plaintiffs' mission, purpose, and operations.  AVC ¶¶ 23, 25, 32, 37, 39.

8. Plaintiffs hold the biblically based conviction that human life is a precious gift of immeasurable value given by God, and that the taking of innocent human life by abortion is evil and a sin. AVC ¶¶ 25, 32, 39.

9. In addition to offering pregnancy-related medical services, Plaintiffs bring the message of the gospel of Jesus Christ to their clients. AVC ¶¶ 27, 34, 41. Often, at the request or with the permission of the client, the volunteer worker prays with the client regarding her situation: requesting God to intervene and provide guidance and assistance. AVC ¶27

10. Plaintiffs provide all services and items (e.g., vitamins, infant clothing, baby furniture) free of charge and no monetary or other commercial transactions occur at the respective clinics. AVC ¶¶9-11; Dodds decl., ¶24; Gibbs decl., ¶10; DeArmas decl., ¶18.

11. None of the Plaintiffs receive funding from local, state or federal governments. AVC ¶¶26, 33, 40.

12. All of Plaintiffs' funding comes from donations of individuals, local businesses, and churches. AVC ¶¶26, 33, 40.

13. Interactions between patients and clinic are of a medical, spiritual and educational nature. Dodds decl., ¶24; Gibbs decl., ¶21; DeArmas decl., ¶4.

14. Plaintiffs do not use shame or manipulation to influence a patient's decision. Dodds decl., ¶24; DeArmas decl., ¶14.

15. The statement requirement contained in Health & Safety Code § 123472(a)(1) reads:

> California has public programs that provide immediate free or low-cost access to comprehensive family planning services (including all FDA-approved methods of contraception), prenatal care, and abortion for eligible women. To determine whether you qualify, contact the county social services office at [insert the telephone

number].

16. The statement requirement contained in Health & Safety Code § 123472(a)(1) -- notifying women and girls where they can obtain free and low cost abortions -- is diametrically contrary to the religiously based pro-life ministry of the Plaintiffs.   DeArmas decl, ¶22; Dodds decl, ¶¶30-31; Gibbs decl, ¶24.

17. The Plaintiffs' services are inextricably intertwined with their speech.   DeArmas decl, ¶¶4, 22; Dodds decl, ¶¶3-4, 30-31; Gibbs decl, ¶¶5, 24.

18. The author of AB 775 contends that, "there are nearly 200 licensed and unlicensed clinics known as crisis pregnancy centers (CPCs) in California whose goal is to interfere with women's ability to be fully informed and exercise their reproductive rights." Plaintiffs' Request for Judicial Notice, Exhibit 2.

19. The mandated statement contained in Health & Safety Code § 123472(a)(1) does not state that it is not a view of Plaintiffs.

20. The mandated statement contained in Health & Safety Code § 123472(a)(1) serves as an advertisement for the government.

21. The word *contact* in the mandated statement contained in Health & Safety Code § 123472(a)(1) functions as an imperative verb.

22. The message that the Plaintiffs must speak is a directive for the client to engage in an act, namely "contact the County Social Services" to obtain information about eligibility for low cost and free abortions.

23. The Synopsis of the Bill Analysis by the Assembly Committee on Judiciary on April 28, 2015, is that the licensed facility statement is "content-based."   Plaintiffs' Request for Judicial Notice, Exhibit 3.

24. The analysis from the Senate Rules Committee and the Senate Committee on health states that crisis pregnancy centers are "pro-life (largely Christian belief-based) organizations." Plaintiffs' Request for Judicial Notice, Exhibits 6-8.

25. From its inception, the Reproductive FACT Act focused on religious entities. Plaintiffs' Request for Judicial Notice, Exhibits 6-8.

26. The economic costs for disseminating the government's message rests entirely with the Plaintiffs. DeArmas decl, ¶22.

27. Because the dissemination of the mandated notice contained in Health & Safety Code § 123472(a)(1) is by either: (1) posting in the Plaintiffs waiting room; (2) hand-delivery; or (3) electronic notice at time of check in, the notice is calculated to be an initial communication to the client at a CPC.

28. The notice does not state that this is the government's message rather than the Plaintiff-CPCs.

## CONCLUSIONS OF LAW

1. On September 3, 2015, the California Legislature passed Assembly Bill 775 called the Reproductive FACT Act.

2. Section 123472(a)(1) of AB 775 requires that a licensed covered facility shall disseminate to clients on site the following notice:

> California has public programs that provide immediate free or low-cost access to comprehensive family planning services (including all FDA-approved methods of contraception), prenatal care, and abortion for eligible women. To determine whether you qualify, contact the county social services office at [insert the telephone number].

3. Plaintiffs are licensed covered facilities as defined under Health & Safety Code § 123471(a).

4. Plaintiffs do not challenge the notice requirements for unlicensed facilities under Health & Safety Code § 123472(b)(1).

5. Health & Safety Code § 123472(b)(1) compels speech.

6. Health & Safety Code § 123472(a)(1) is a content-based speech requirement.

7. The disclosure found in Health & Safety Code § 123472(a)(1) requires Plaintiffs to alter the content of their speech.

8. The statement in Health & Safety Code § 123472(a)(1) is not the Plaintiffs' commercial speech.

9. The statement in Health & Safety Code § 123472(a)(1) is not the Plaintiffs' professional speech.

10. The government is not conditioning funding to CPCs in exchange for dissemination of the statement found in Health & Safety Code § 123472(a)(1).

11. The standard of review is strict scrutiny.

12. The burden is on the state actor Defendant to demonstrate a compelling government interest that is narrowly tailored and uses the least restrictive means.

13. The required dissemination of the statement unduly burdens Plaintiffs' exercise of speech and religious beliefs. Plaintiffs disagree with the bill, the content of which directly contradicts the foundational religious principles upon which Plaintiffs operate, as well as the message it conveys to their clients regarding abortion. Nonetheless, the State affirmatively requires that the message be disseminated.

14. The statute for licensed covered facilities requires the dissemination of the statement in one of the following ways:

(A) A public notice posted in a conspicuous place where individuals wait that may be easily read by those seeking services from the facility. The notice shall be at least 8.5 inches by 11 inches and written in no less than 22-point type.

(B) A printed notice distributed to all clients in no less than 14-point type.

(C) A digital notice distributed to all clients that can be read at the time of check-in or arrival, in the same point type as other digital disclosures. A printed notice as described in subparagraph (B) shall be available for all clients who cannot or do not wish to receive the information in a digital format.

15. The required disclosure is not narrowly tailored.

16. The required disclosure does not use the least restrictive means.

17. Beginning January 1, 2016, Plaintiffs are subject to imminent adverse enforcement action against it by Defendant which includes a fine of $500 for a first offense and $1000 for each subsequent incident.

18. The Defendant, Attorney General Kamala Harris, enforces the notice requirement pursuant to Section 123473(a).

19. Plaintiffs are subject to being required to speak the government's message – of which they emphatically disagree – on January 1, 2016.

20. The dissemination requirements found in Health & Safety Code § 123472(a)(1) burdens the Plaintiffs' exercise of their religion.

21. This compelled speech will cause irreparable harm to Plaintiffs.

22. Other than an injunction, Plaintiffs have no other remedy at law.

23. Abortion has been legal in California since 1967.

24. No dissemination of statements like that found in section 123472(a)(1) have been in place since the legalization of abortion in California since 1967 to the present. Hence, the status quo is the continuance of **not** requiring the compelled speech by the Plaintiffs.

25. The Defendant will suffer no harm if the status quo is granted.

26. The balance of hardships favors the Plaintiffs.

27. A preliminary injunction is in the public interest.

Dated: November 13, 2015

        S/ Kevin T. Snider_____
        Kevin T. Snider
        Michael J. Peffer
        Matthew B. McReynolds

        PACIFIC JUSTICE INSTITUTE
        P.O. Box 276600
        Sacramento, CA 95827
        Tel. (916) 857-6900
        Fax (916) 857-6902
        Email: ksnider@pji.org

        Attorneys for Plaintiffs