UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A WOMAN'S FRIEND PREGNANCY RESOURCE CLINIC, CRISIS PREGNANCY CENTER OF NORTHERN CALIFORNIA, ALTERNATIVES WOMEN'S CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA HARRIS, Attorney General of the State of California, In Her Official Capacity,<br><br>Defendants. | No.  2:15-cv-02122-KJM-AC<br><br><br>ORDER |

On December 21, 2015, after hearing and consideration of the parties' briefs, the court filed an order denying plaintiffs' motion for preliminary injunction. ECF Nos. 8, 9, 23. Plaintiffs have now appealed the order. ECF No. 25. On December 28, 2015, plaintiffs filed a motion in this court to enjoin the statutes challenged by their motion for an injunction, California Health & Safety Code sections 123472 and 123474, pending the interlocutory appeal; they move in the alternative for a temporary injunction of seven days pending their filing of a motion based on Federal Rule of Appellate Procedure 8 with the Ninth Circuit. Mot., ECF No. 27. Plaintiffs argue if the court grants the temporary seven-day motion, the court can choose to enjoin only the

1

enforcement provision of the law (section 123473) and not the notice provision (section 123472). Mot. at 5.

Federal Rule of Civil Procedure 62(c) provides that a district court may grant an injunction during the pendency of an interlocutory appeal. The same legal standard applies to a motion for an injunction pending appeal as to a motion for a preliminary injunction. *Sierra Forest Legacy v. Rey*, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010); *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 883 (E.D. Cal. 2004). That standard, as discussed in the court's prior order, requires the moving party to show "that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, in the Ninth Circuit, if a plaintiff cannot show a likelihood of success but can show "serious questions going to the merits" with the "balance of hardships tip[ping] sharply in the plaintiff's favor," and satisfy the other two *Winter* factors then a preliminary injunction can also be proper. *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (citations omitted). An injunction may issue only upon a clear showing the movant is entitled to relief. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Here, plaintiffs argue the short duration of the requested injunction, in contrast with the full injunction requested in their previous motion, alters the balance in their favor. Plaintiffs also argue, in essence, the court's order is flawed in that the State did not provide any evidence or argument for the basis of the court's conclusion reached after balancing the hardships and public interest. Mot. at 3. As the court stated in its previous order, plaintiffs as the moving parties carry the burden when requesting any injunction, including even a short-lived one. It is the plaintiffs' burden to show the "balance of hardships" tip sharply in their favor and that the injunction requested is in the public interest, along with the other requirements under *Winter*. Apart from shrinking the time frame and filing their appeal, plaintiffs have presented no new argument or evidence in this motion. Accordingly, this court concludes as before that plaintiffs have not made the required showing, and declines to issue the temporary injunction.

Plaintiffs' motion is DENIED. This order disposes of ECF No. 27.

IT IS SO ORDERED.

DATED: December 30, 2015

/s/KIMBERLY J. MUELLER
UNITED STATES DISTRICT JUDGE